1  Robert C. Weiss (State Bar No. 39929)
   robertweiss@rcwlaw.com
2  LAW OFFICES OF ROBERT C. WEISS
   3770 Highland Ave., Suite 203
3  Manhattan Beach, CA 90266
   Telephone: (310) 545-9854
4  Facsimile: (310) 545-9853

5  Anna E. Raimer (State Bar No. 234794)
   aeraimer@jonesday.com
6  JONES DAY
   717 Texas, Suite 3300
7  Houston, TX 77002
   Telephone: (832) 239-3786
8  Facsimile: (832) 239-3600

9  Jerrold B. Reilly (State Bar No. 116536)
   jreilly@magmail.com
10 MAG INSTRUMENT, INC.
   2001 S. Hellman Ave.
11 Ontario, CA 91761
   Telephone: (909) 947-1006
12 Facsimile: (909) 923-5042

13 Attorneys for Plaintiff
   MAG INSTRUMENT, INC.

FILED
CLERK U.S. DISTRICT COURT
DEC - 5 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MAG INSTRUMENT, INC., a California corporation,

Plaintiff,

v.

NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York corporation, and DOES 1-10,

Defendants.

Case No. EDCV11-1918VAP(DTBx)

**COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

1  Robert C. Weiss (State Bar No. 39929)
   robertweiss@rcwlaw.com
2  LAW OFFICES OF ROBERT C. WEISS
   3770 Highland Ave., Suite 203
3  Manhattan Beach, CA 90266
   Telephone: (310) 545-9854
4  Facsimile: (310) 545-9853

5  Anna E. Raimer (State Bar No. 234794)
   aeraimer@jonesday.com
6  JONES DAY
   717 Texas, Suite 3300
7  Houston, TX 77002
   Telephone: (832) 239-3786
8  Facsimile: (832) 239-3600

9  Jerrold B. Reilly (State Bar No. 116536)
   jreilly@magmail.com
10 MAG INSTRUMENT, INC.
   2001 S. Hellman Ave.
11 Ontario, CA 91761
   Telephone: (909) 947-1006
12 Facsimile: (909) 923-5042

13 Attorneys for Plaintiff
   MAG INSTRUMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAG INSTRUMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York corporation, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Mag Instrument, Inc. ("Mag"), files this Complaint against defendants, National Rifle Association of America ("NRA") and DOES 1-10, and demanding a trial by jury, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of the FIRST CAUSE OF ACTION pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this cause of action is for patent infringement, which arises under the patent laws of the United States, Title 35, United States Code.

2. This Court has original jurisdiction over the subject matter of the SECOND THROUGH FOURTH CAUSES OF ACTION pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 because those causes of action are for federal trademark infringement, federal false designation of origin and unfair competition, and federal trademark dilution, respectively, which arise under the Lanham (Trademark) Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*

3. This Court also has original jurisdiction over Plaintiff's FIFTH THROUGH NINTH CAUSES OF ACTION pursuant to 28 U.S.C. §§ 1338(b) because these causes of action are for state trademark infringement under California Business and Professions Code § 14245, California unfair competition under California common law and California Business and Professions Code § 17200, California trademark dilution under California Business and Professions Code § 14247, California trademark infringement in violation of California common law, and common law unfair competition, all of which are claims for unfair competition under California law and are joined with a substantial and related claim under the trademark laws of the United States.

4. Further this Court has supplemental jurisdiction over Plaintiff's FIFTH THROUGH NINTH state law claims under 28 U.S.C. § 1367(a). These claims are so related to the other claims in this case over which this Court has

1 | original jurisdiction that they form a part of the same case or controversy under
2 | Article III of the United States Constitution.

3 |     5. Upon information and belief, venue is proper under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

6. Plaintiff Mag Instrument, Inc. ("Mag") is a California corporation, having its principal place of business at 2001 South Hellman Avenue, Ontario, California 91761.

7. Upon information and belief, Defendant NRA is a New York not-for-profit corporation, with a principal place of business located at 11250 Waples Mill Road, Fairfax, Virginia 22030.

8. Upon information and belief, NRA resides in this district under 28 U.S.C. § 1391. In particular, NRA does business in this district, and a substantial part of the events giving rise to the claims in this case occurred in this district.

9. Mag is not fully informed regarding the involvement of the defendants sued herein under the fictitious names DOES 1-10, inclusive (the "Doe Defendants"). Upon information and belief, the Doe Defendants are involved with NRA and/or the activities alleged herein. Mag has thus sued the Doe Defendants by their fictitious names. Mag will seek leave to amend this Complaint to allege the true names, capacities, and residences of the Doe Defendants when their involvement is ascertained. NRA and the Doe Defendants are hereinafter sometimes collectively referred to as the "Defendants."

10. Mag is informed and believes, and thereupon alleges, that the Doe Defendants, and each of them, are responsible in some manner, by their acts and/or omissions, for the matters alleged herein. Mag is further informed and believes, and thereupon alleges, that the Doe Defendants, and each of them, at all material times herein alleged, were the agents, servants, and/or employees of the other Defendants, or otherwise participated in the improper conduct alleged herein.

**FIRST CAUSE OF ACTION**

**(Patent Infringement – 35 U.S.C. § 271, et seq.)**

**(United States Design Patent No. D530,439)**

11. Mag repeats, realleges, and incorporates by reference, as though fully set out herein, the allegations contained in all prior and subsequent paragraphs.

12. On October 17, 2006, United States Patent No. D530,439 ("the '439 patent"), for a design entitled "Flashlight," was duly and legally issued in the name of Anthony Maglica. By virtue of proper assignment, Mag acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement thereof. A copy of the '439 patent is attached hereto as Exhibit 1.

13. Upon information and belief, Defendants have notice of Mag's rights in the '439 patent.

14. Defendants have infringed the '439 patent by distributing, using, and importing products, including but not limited to the "Digital Mag Light" flashlights shown in the photograph attached hereto as Exhibit 2, which embody the invention claimed therein within the United States, or by supplying infringing products to others to use, thereby inducing and/or contributing to the infringement of the '439 patent, and will continue to do so unless enjoined by this Court.

15. Upon information and belief, by reason of Defendants' acts of infringement, Mag has suffered damages in an amount yet to be determined.

16. Upon information and belief, Defendants' acts of infringement are causing irreparable harm to Mag and will continue to cause irreparable harm unless enjoined by this Court.

17. Upon information and belief, Defendants' acts have been committed willfully and with knowledge of Mag's patent rights and have resulted in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined.

## SECOND CAUSE OF ACTION

**(Federal Trademark Infringement – Lanham Act § 32, 15 U.S.C. § 1114(1))**

18. Mag repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

19. For many years, and prior to the acts of Defendants complained of herein, Mag has continuously manufactured, advertised, assembled, marketed, distributed, and sold, in interstate and international commerce, high-quality machined, anodized aluminum, high-intensity, adjustable beam flashlights, including, but not limited to, a line of flashlights under the distinctive trademarks MAG-LITE®, MINI MAGLITE®, and MAG®. These flashlights are characterized by their distinctive shape, style and overall appearance ("SSOA"), which are also Mag trademarks. The flashlights are further characterized by their outstanding design features, materials of construction, workmanship, performance, water and shock resistance, optical features, reliability, and durability. The manufacturing of all of Mag's flashlights is done in the United States and in its facilities in Ontario, California.

20. The SSOA of Mag's MINI MAGLITE® flashlight (the "SSOA Mark"), shown in Exhibit 3, is distinctive, nonfunctional, and has acquired secondary meaning in that it has come to be associated by the trade and consuming public exclusively with Mag, and as a result, has come to signify Mag as the source of flashlights bearing the same or similar characteristics.

21. Mag has obtained and is the owner of a federal registration on the SSOA of the MINI MAGLITE® flashlight, which is valid, enforceable, and incontestable. A copy of this federal registration, United States Trademark Registration Number 2,074,795, is attached hereto as Exhibit 4. This registration remains in full force and effect.

22. Mag has also engaged in a deliberate effort to develop a family of word marks incorporating the letters "MAG" in connection with the sale of its

flashlights and related products. Since at least as early as February 22, 1979, Mag adopted and began using "MAG INSTRUMENT" as its name and trademark in connection with its manufacture, advertising, and sale of flashlights and related products. Mag is the owner of United States Trademark Registration No. 1,715,086 ("the '086 trademark") for "MAG INSTRUMENT," which is valid, enforceable, and incontestable. A true and correct copy of the '086 trademark is attached hereto as Exhibit 5.

23. Since at least as early as February 22, 1979, Mag has also been using the trademark "MAG-LITE" in connection with its manufacture, advertising, and sale of flashlights and related accessories and products. Mag is the owner of United States Trademark Registration No. 1,154,816 ("the '816 trademark") for "MAG-LITE," which is valid, enforceable, and incontestable. A true and correct copy of the '816 trademark is attached hereto as Exhibit 6.

24. Since at least as early as January 9, 1992, Mag has also been using the trademark "MAG" in connection with its manufacture, advertising, and sale of flashlights and related accessories and products. Mag is the owner of United States Trademark Registration No. 1,975,632 ("the '632 trademark") for "MAG," which is valid, enforceable, and incontestable. A true and correct copy of the '632 trademark is attached hereto as Exhibit 7.

25. Since at least as early as January 1984, Mag has also been using the trademark "MINI MAGLITE" in connection with its manufacture, advertising, and sale of flashlights. Mag is the owner of United States Trademark Registration No. 1,389,804 ("the '804 trademark") for "MINI MAGLITE," which is valid, enforceable, and incontestable. A true and correct copy of the '804 trademark is attached hereto as Exhibit 8.

26. Since at least as early as July 12, 1983, Mag has also been using the trademark "MAG-NUM STAR" in connection with its manufacture, advertising, and sale of flashlight bulbs. Mag is the owner of United States Trademark

1  Registration No. 1,245,187 ("the '187 trademark") for "MAG-NUM STAR,"
2  which is valid, enforceable, and incontestable. A true and correct copy of the '187
3  trademark is attached hereto as Exhibit 9.

4      27.   Since at least as early as September 1982, Mag has also been using
5  the trademark "MAG CHARGER" in connection with its manufacture, advertising,
6  and sale of flashlights and related accessories and products. Mag is the owner of
7  United States Trademark Registration No. 2,999,097 ("the '097 trademark") for
8  "MAG CHARGER," which is valid, enforceable, and incontestable. A true and
9  correct copy of the '097 trademark is attached hereto as Exhibit 10.

10      28.   Since at least as early as January 8, 1987, Mag adopted and began
11  using the trademark "MINI MAGLITE AAA" in connection with its manufacture,
12  advertising, and sale of flashlights and related accessories and products. Mag is
13  the owner of United States Trademark Registration No. 1,611,960 ("the '960
14  trademark") for "MINI MAGLITE AAA," which is valid, enforceable, and
15  incontestable. A true and correct copy of the '960 trademark is attached hereto as
16  Exhibit 11.

17      29.   Since at least as early as May 17, 1984, Mag has been using the
18  trademark "MAGLITE" in connection with its manufacture, advertising, and sale
19  of flashlights and related accessories and products. Mag is the owner of United
20  States Trademark Registration No. 2,485,515 ("the '515 trademark") for
21  "MAGLITE," which is valid, enforceable, and incontestable. A true and correct
22  copy of the '515 trademark is attached hereto as Exhibit 12.

23      30.   Since at least as early as January 1, 2001, Mag has also been using the
24  stylized trademark "MAGLITE" in connection with its manufacture, advertising,
25  and sale of flashlights and related accessories and products. Mag is the owner of
26  United States Trademark Registration No. 2,622,179 ("the '179 trademark") for
27  the stylized mark "MAGLITE," which is valid, enforceable, and incontestable. A
28  true and correct copy of the '179 trademark is attached hereto as Exhibit 13.

31. Since at least as early as February 9, 2006, Mag has also been using the trademark "MAG-LED" in connection with its manufacture, advertising, and sale of flashlights and related accessories and products. Mag is the owner of United States Trademark Registration No. 3,104,551 ("the '551 trademark") for "MAG-LED," which is valid and enforceable. A true and correct copy of the '551 trademark is attached hereto as Exhibit 14.

32. Since at least as early as May 23, 2006, Mag has also been using the trademark "MAG-LED" in connection with its manufacture, advertising, and sale of flashlight accessories. Mag is the owner of United States Trademark Registration No. 3,265,427 ("the '427 trademark") for "MAG-LED," which is valid and enforceable. A true and correct copy of the '427 trademark is attached hereto as Exhibit 15.

33. Since at least as early as May 23, 2006, Mag has been using the trademark "MAGLED" in connection with its manufacture, advertising, and sale of flashlights and related parts. Mag is the owner of United States Trademark Registration No. 3,280,356 ("the '356 trademark") for "MAGLED," which is valid and enforceable. A true and correct copy of the '356 trademark is attached hereto as Exhibit 16.

34. Since at least as early as May 23, 2006, Mag has also been using the trademark "MAGLED" in connection with its manufacture, advertising, and sale of flashlight accessories. Mag is the owner of United States Trademark Registration No. 3,382,287 ("the '287 trademark") for "MAGLED," which is valid and enforceable. A true and correct copy of the '287 trademark is attached hereto as Exhibit 17.

35. The aforesaid word marks (collectively "the Subject Marks") and the SSOA Mark are distinctive, nonfunctional, and possess secondary meaning in that they are associated by the trade and consuming public exclusively with Mag and,

as a result, they signify Mag as the source and/or sponsor of flashlights and related accessories and products bearing such marks.

36. Mag has consistently and continuously displayed the registration symbol "®" or its equivalent, with the Subject Marks, since the Subject Marks have become registered.

37. Mag has manufactured, marketed and advertised its flashlights and related products so that the public associates them with the idea of extraordinary design, materials, workmanship, and reliability. In furtherance of that goal, Mag usually displays its products and the associated trademarks in its advertising and promotional presentations. To date, Mag has spent millions of dollars in advertising and promoting its flashlights and related products and has had over a billion dollars in sales of its flashlights and related products.

38. As indicated above, Mag's flashlights are manufactured in the United States of America. Moreover, Mag's flashlights are sold with a warranty, backed up by a full-service staff of full-time employees at the Ontario, California facility. Mag also employs several people in its customer service department located at Mag's headquarters.

39. On information and belief, Defendants have advertised and distributed commercially in interstate commerce a cheap and poor quality flashlight which, upon information and belief, is made in China and which Defendants call the "Digital Mag Light." The cheap imitation is referred to by Defendant NRA as the "Digital Mag Light" in at least a letter sent to its members by Wayne La Pierre, the Executive Vice President of Defendant NRA. This letter is attached hereto as Exhibit 18.

40. The name of the flashlight used by Defendants, i.e., "Digital Mag Light," is confusingly similar to Mag's Subject Marks. Defendants' use of the Subject Marks in connection with the advertising and distribution of the Digital Mag Light flashlight is likely to cause confusion, or to cause mistake, or to deceive

consumers that the Digital Mag Light flashlight is manufactured by, sponsored by, or affiliated with Mag.

41. Defendants' use of the Subject Marks is without the permission of Mag. Upon information and belief, Defendants had knowledge of the Subject Marks, including Mag's famous MAG-LITE® trademark, and the considerable commercial success associated with these marks. Plaintiff Mag is informed and believes and thereon alleges that Defendants, willfully and with conscious disregard for the Subject Marks, advertised and/or distributed the Digital Mag Light flashlight under the mark "Digital Mag Light," which is a colorable imitation of Mag's MAG-LITE® trademark.

42. The Digital Mag Light flashlight also bears a shape, style, and overall appearance which is the same as or confusingly similar to the SSOA of Mag's MINI MAGLITE® flashlight. Defendants' advertising and distribution of the Digital Mag Light flashlight, having a shape, style, and overall appearance which is the same or confusingly similar to that of Mag's MINI MAGLITE® flashlight, is likely to cause confusion and has caused confusion that the Digital Mag Light flashlights are made by, sponsored by, or affiliated with Mag.

43. The use of the shape, style and overall appearance of the Digital Mag Light flashlight is without the permission of Mag. Upon information and belief, this use is with the knowledge that the shape, style, and overall appearance of the Digital Mag Light flashlight is confusingly similar to Mag's SSOA Mark which has previously been and is being used by Mag.

44. Upon information and belief, Defendants had knowledge of Mag's MINI MAGLITE® flashlight and the considerable commercial success it has achieved. Plaintiff Mag is informed and believes and thereon alleges that Defendants, willfully and with conscious disregard for Mag's product configuration trademark in the MINI MAGLITE® flashlight, advertised and/or

1  distributed the Digital Mag Light flashlight that is a colorable imitation of Mag's
2  SSOA Mark.

3      45.    Defendants' promotion, distribution, and advertising of the Digital
4  Mag Light flashlights is likely to cause confusion, to cause mistake, and/or to
5  deceive as to apparent affiliation, connection, or association between Defendants
6  and Mag, and is likely to cause members of the public to believe, incorrectly, that
7  Defendants' Digital Mag Light flashlights are provided by, or under the
8  sponsorship or approval of, Mag; whereas, in fact, Mag does not approve of
9  Defendants' appropriation of Mag's trademarks and trade dress.

10      46.    The above-recited acts by Defendants constitute trademark
11  infringement of Mag's federally registered trademarks in violation of the Lanham
12  Act, 15 U.S.C. § 1114(1), to the substantial and irreparable injury of the public and
13  of Mag's business reputation and goodwill.

14      47.    The advertising and distribution of the Digital Mag Light flashlight
15  has inflicted, and unless enjoined will continue to inflict, great and irreparable
16  injury upon the reputation and goodwill of Mag, its Subject Marks and its SSOA
17  mark, for which injury Mag has no adequate remedy at law.  Mag is entitled to
18  preliminary and permanent injunctions enjoining Defendants from engaging in
19  further acts of infringement.

20      48.    On information and belief, as a result of their acts, Defendants have
21  been and will continue to be unjustly enriched by contributions that Defendant
22  NRA has received and will receive in connection with its distribution and
23  advertising of the Digital Mag Light flashlights, which bear Mag's Subject Marks
24  and SSOA Mark.

25      49.    On information and belief, as a result of the acts of Defendants, Mag
26  has suffered and and is entitled to monetary damages in an amount not yet
27  determined.  Additionally, Mag has incurred and will incur liability for costs and
28  attorneys' fees.

50. On information and belief, Defendants' acts were in willful and conscious disregard for Mag's rights to the Subject Marks and SSOA Mark, and the resulting damage to Mag's goodwill and reputation is such as to warrant the trebling of damages in order to provide just compensation.

### THIRD CAUSE OF ACTION

**(False Designation of Origin, Unfair Competition, and Trademark Infringement – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

51. Mag repeats, realleges and incorporates by reference, as though fully set out herein, the allegations contained in all prior and subsequent paragraphs.

52. Upon information and belief, in connection with the Digital Mag Light flashlights, Defendants have used and are using in commerce a name and device that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Mag, or as to the origin, sponsorship or approval of the Digital Mag Light flashlights by Mag. Defendants' use of said name and device in commercial advertising and/or promotion also misrepresents the nature and qualities of the Digital Mag Light flashlights.

53. By promoting, distributing, and/or advertising the Digital Mag Light flashlights, Defendants have infringed Mag's Subject Marks and SSOA Mark, and have infringed Mag's common law trademark rights, in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a). Defendants' above-recited acts further constitute false designation of origin, false or misleading description, false or misleading representation, and unfair competition in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a), as such acts are likely to deceive the public into believing that the Digital Mag Light flashlights are from or sponsored by Mag.

54. If not enjoined by the Court, Defendants will continue to distribute the Digital Mag Light flashlights in commerce, which products will be attributed to having emanated from Mag. Mag, however, has no control over the nature and quality of the Digital Mag Light flashlights so rendered, and any fault or objection